IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FRENY MUNSHI,

        Plaintiff,

   v.

UNITED STATES[1],

        Defendant.

No. 1:14-cv-1918-PA

**ORDER**

**PANNER, District Judge:**

Pro se Plaintiff Freny Munshi brought this action in Jackson County Circuit Court against the U.S. Post Office based on the alleged loss of her passport. The United States removed the action to this court.

The United States now moves to dismiss for lack of subject

---

[1] Plaintiff's claim against the Postal Service is treated as a claim against the United States. See Anderson v. United States Postal Serv., 761 F.2d 527, 528 (9th Cir. 1985).

1 - ORDER

matter jurisdiction.  Plaintiff has not filed a response.  I grant the motion to dismiss.

## BACKGROUND

Plaintiff filed this action in the Small Claims Department of the Jackson County Circuit Court in November 2014, alleging, "My passport was stolen on mailing on Oct 29."  Notice of Removal, Ex. 1, at 1, ECF No. 1.  Plaintiff seeks $2,000 in damages.  The United States removed this action in December 2014.

Postal Service tracking records, copies of which are attached to the complaint, indicate that the passport at issue was mailed from Medford on October 31, 2014, and arrived in Portsmouth, New Hampshire on November 3, 2014.  Id., Ex. 1, at 9.  It is unclear whether these tracking records were included with Plaintiff's original complaint or were added by the United States.

The United States submits the declaration of Kimberly A. Herbst, who works for the Postal Service's National Tort Center as a "Supervisor, Tort Claims Examiner/Adjudicator."  Herbst states Postal Service records indicate that no administrative claim has been filed concerning Plaintiff's alleged missing passport.

## DISCUSSION

I agree with the United States that Plaintiff's claim must be dismissed for lack of jurisdiction on two independent grounds.

### I.  No Jurisdiction Over Negligence Claims Against the Post Office

The United States has sovereign immunity for tort claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).  Plaintiff's claim here, that the Postal Service failed to deliver an item,

2 - ORDER

falls within this category of claims. See <u>Anderson v. U.S. Postal Service</u>, 761 F.2d 527, 528 (9th Cir. 1985). Plaintiff's claim must be dismissed for lack of jurisdiction.

**II. Failure to Exhaust Administrative Remedies**

Postal Service records indicate that no administrative claim was filed concerning Plaintiff's alleged lost passport. The Federal Tort Claims Act (FTCA) requires a claimant to present her administrative claim to the agency within two years after the claim accrued. 28 U.S.C. § 2401(b). Because Plaintiff has not done so, her claim must be dismissed without prejudice.

**CONCLUSION**

Defendant's Motion to Dismiss (#3) is granted. This action is dismissed without prejudice.

IT IS SO ORDERED.

DATED this __19__ day of February, 2015.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER